Devin A. McRae, State Bar Number 223239
  *dmcrae@earlysullivan.com*
Peter Scott, State Bar Number 247786
  *pscott@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Plaintiff
CATHERINE CORCORAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CATHERINE CORCORAN, an individual, | Case No. 2:25-cv-10284-AB-AS |
| Plaintiff, | **JOINT RULE 26(f) REPORT** |
| v. | |
| DARK AGE CINEMA, LLC, a New York limited liability company; ART THE CLOWN, LLC, a New Jersey limited liability company; FUZZ ON THE LENS PRODUCTIONS, LLC, a New York limited liability company; PHIL FALCONE, an individual; DAMIEN LEONE, an individual;  and DOES 1-10, inclusive, | Assigned to Hon. André Birotte, Jr. |
| Defendants. | Action Filed: October 26, 2025 |

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

40189-00002/949908.1

Pursuant to the Court's January 26, 2026 Order Setting Scheduling Conference (ECF #18) and July 2, 2026 Order (ECF #28), Plaintiff Catherine Corcoran and Defendants Dark Age Cinema, LLC ("Dark Age Cinema"), Art the Clown, LLC ("Art the Clown"), Fuzz on the Lens Productions, LLC, Phil Falcone, and Damien Leone (collectively, "Defendants") (Corcoran and Defendants are collectively referred to herein as the "Parties") submit this Joint Rule 26(f) Report following their Rule 26(f) Conference, which occurred on February 20, 2026 and again on July 28, 2026.

## A.     STATEMENT OF THE CASE

### 1.     Plaintiff's Statement of the Case

Plaintiff Catherine Corcoran agreed to work on an ultra-low budget independent horror film for essentially minimum wage in exchange for a promised "1% of profits from the Terrifier'", only to be denied the compensation she was promised once the franchise became commercially successful. The case also involves the non-consensual filming, photographing, and distribution of nude images of Ms. Corcoran in violation of California law.

In 2015, Defendants Damien Leone and Phil Falcone developed the independent horror film *Terrifier* on a production budget of approximately $35,000. Ms. Corcoran was cast in a leading role that included one of the most recognizable scenes in the franchise. To accommodate the limited budget, she agreed to work for a $100 per diem under a SAG Ultra Low Budget agreement, with the additional written promise that she would receive "1% of profits from 'Terrifier.'" The parties understood "Terrifier" to refer not only to the initial film, but to the broader franchise, intellectual property, sequels, merchandise, and related exploitation.

The operative complaint alleges that Defendants never obtained Ms. Corcoran's adequate consent before filming and later distributing nude footage and still photographs of her. During production, nude still photographs were allegedly taken without her knowledge while she was immobilized during the creation of a body mold. Additional nude images were captured during filming of a scene for which

Defendants did not secure required consent. The Complaint further alleges that Defendants distributed these nude still images and included nude footage in the released film and subsequent derivative works without Ms. Corcoran's consent. The Complaint further alleges that Defendants have sold and continue to sell and distribute merchandise and other materials bearing digitized imagery of Ms. Corcoran's nude body without obtaining her informed written consent (or any other consent).

Following the unexpected commercial success of *Terrifier*, and later *Terrifier 2* and *Terrifier 3*, the franchise generated substantial revenues from theatrical release, streaming platforms, international distribution, and merchandise. Although Defendants eventually made sporadic royalty payments beginning in late 2022, Ms. Corcoran alleges that the payments were minimal, lacked supporting accountings, and were grossly disproportionate to the revenues generated. Payments ceased or significantly diminished despite the franchise's growing commercial success.

Based on these allegations, Ms. Corcoran asserts claims for violation of California Civil Code § 1708.86, breach of contract, and breach of the implied covenant of good faith and fair dealing. She seeks damages, disgorgement of profits, an accounting, and related relief. Additionally, Ms. Corcoran intends to take discovery concerning Defendants' unauthorized distribution of images taken of her while nude without her consent and may amend her pleading to assert additional claims in this regard pending receipt of such discovery.

### 2. Defendants' Statement of the Case

This case arises from Plaintiff Catherine Corcoran's attempt to rewrite a contract that she entered into more than ten years ago for her role in the ultra-low budget horror film, *Terrifier*. Plaintiff's contract does not entitle her to profits from the sequels, *Terrifier 2* and *3*—films in which Plaintiff had no involvement—yet through this lawsuit she is seeking to obtain royalties from those subsequent films that are not owed to her. The plain language of the Mutual Non-Disclosure Agreement (NDA), only provides Plaintiff 1% of profits from the release of *Terrifier*—not the

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

entire franchise.  Likewise, the Merchandising Agreement, which followed the NDA, only entitles Plaintiff to 1% of merchandise *bearing her likeness* in *Terrifier*, not all *Terrifier* merchandise.  These contracts unambiguously do not extend to *Terrifier 2* or *3*.

Plaintiff also alleged a legally and factually frivolous claim under California's "revenge porn" statute, California Civil Code section 1708.85, which the Court dismissed pursuant to Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6), along with related ancillary claims. Plaintiff was granted leave to amend and has advised that she intends to attempt to reallege the claims the Court dismissed. Defendants have not seen the amended pleading but anticipate that the claims will remain deficient for the reasons discussed in the Court's Order granting Defendants' motion to dismiss. To the extent that is the case, Defendants anticipate filing a second motion to dismiss.

Defendants deny that Plaintiff is entitled to take discovery on claims for which she has no factual support and/or were dismissed by the Court.

**B.    SUBJECT MATTER JURISDICTION**

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties, with Plaintiff being a citizen of California, and Defendants being citizens of New York and New Jersey. The amount in controversy is currently over $75,000. All Parties have been served and have appeared in this action.

**C.    LEGAL ISSUES**

**Plaintiff's Position**

The key legal issues to be decided in this action include:

1.    The correct interpretation of the terms of the NDA;

2.    Whether Defendants breached the NDA;

3.    Whether Defendants other than Defendant Dark Age Cinema, LLC are liable for damages under the NDA;

4.      Whether Defendants Dark Age Cinema, LLC, Art the Clown, Leone and/or Falcone violated California Civil Code § 1708.86;

5.      Whether Defendants breached the implied covenant of good faith and fair dealing in connection with the NDA;

6.      Whether an injunction should issue preventing Defendants from further distribution of material bearing images of Plaintiff's nude body taken and distributed without her appropriate consent;

7.      The nature and extent of damages recoverable by Plaintiff.

**Defendants' Position**

For the reasons discussed in the Court's July 2, 2026 Order and their prior-filed motion, Defendants contend that Plaintiff's "revenge porn" and ancillary claims are not legally viable. Defendants contend that Plaintiff's contract-based claims fail because (a) the NDA does not extend to *Terrifier* sequels, derivative works, or merchandise, and (b) the Merchandising Agreement is limited to merchandise from the original *Terrifier* and bearing Plaintiff's likeness.

If Plaintiff's "revenge porn" and ancillary claims proceed past the pleadings, key legal issues will include (1) whether, as a factual matter, Plaintiff consented to the distribution of the hacksaw scene; (2) whether, as a factual matter, Defendants knew or should have known that Plaintiff reasonably believed the hacksaw scene would remain private; (3) whether the LMRA preempts Plaintiff's revenge porn claim or whether the SAG CBA's dispute resolution procedures apply to Plaintiff's claims; (4) whether, as a factual matter, the parties intended the NDA or Merchandising agreement to cover all *Terrifier* sequels, derivative works, and merchandise; and (5) whether Plaintiff's repeated public endorsements of *Terrifier* and the hacksaw scene, including Defendants' conduct during the hacksaw scene, and her acceptance of royalties from *Terrifier*, in the decade since she filmed it bar her revenge porn claim or otherwise waive or estop her from pursuing her revenge porn or other claims.

40189-00002/949908.1                                        5

### D.    PARTIES, EVIDENCE, ETC.

#### 1.    Parties

Plaintiff      Catherine Corcoran

Defendant   Damien Leone

Defendant   Phil Falcone

Defendant   Dark Age Cinema, LLC

Defendant   Art the Clown, LLC

Defendant   Fuzz on the Lens Productions, LLC

There are no parents or subsidiaries for any of the entity defendants.

#### 2.    Percipient Witnesses

**Plaintiff's Position**

Percipient witnesses include Catherine Corcoran, Damien Leone, Phil Falcone, Lisa Falcone, Larry Zerner, David Howard Thornton, Samantha Scaffidi, Jenna Kanell, persons most knowledgeable for Dark Age Cinema, Art the Clown and Fuzz on the Lens Productions regarding, among other things, accounting issues.

**Defendants' Position**

Defendants believe discovery on the claims previously dismissed by the Court (i.e., plaintiff's claims for violation of California Civil Code § 1708.85 (California's "revenge porn" statute), promissory fraud, money had and received, violation of California Business and Professions Code § 17200, accounting, and common law invasion of privacy) is premature pending resolution of the pleadings. Defendants therefore respectfully request that the Court stay discovery related to the previously-dismissed claims until the pleadings are set. Until then, Defendants respectfully submit that discovery should be limited to those claims as to which the Court denied Defendants' Motion to Dismiss (i.e., the claims for breach of contract and breach of implied covenant of good faith and fair dealing). Defendants also contend that Plaintiff has no right to take discovery on claims for which she has no factual support.

Depending on the scope of the operative complaint once the pleadings are set, Defendants anticipate that key witnesses will include Plaintiff; Plaintiff's agent(s), manager(s), or other professional representatives involved in negotiating Plaintiff's role in and publicizing *Terrifier*; defendants Damien Leone and Phil Falcone; and other cast and crew involved in shooting *Terrifier* and the hacksaw scene. Additionally, Defendants anticipate proffering expert witness testimony.

### 3. Key Documents

**Plaintiff's Position**

Key documents in this case include the NDA, the SAG Agreement, emails and text message communications between Plaintiff Corcoran and Leone and Falcone, written contracts with other cast members of the Terrifier franchise, accounting records relating to revenues and profits generated from the Terrifier franchise, photographs taken of Corcoran on set during filming of *Terrifier* and communications relating to the same.

**Defendants' Position**

Key documents will include Plaintiff's agreements with Defendants regarding her role in *Terrifier*, communications with Plaintiff and her representatives when negotiating her *Terrifier* contract, the SAG CBA and other agreements governing the *Terrifier* production, documents reflecting royalty payments to Plaintiff, evidence of Plaintiff's public appearances promoting *Terrifier*, and communications regarding royalty payments to Plaintiff.

### E. DAMAGES

**Plaintiff's Position**

At this stage, it is difficult for Plaintiff to assign a specific value to her damages range. Plaintiff's FAC alleges that, pursuant to her contract with Defendants, she is owed "1% of profits from 'Terrifier.'" However, accounting information concerning the profits generated from the Terrifier franchise is uniquely and exclusively within

//
//

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

the possession, custody and control of Defendants. Based on the publicly available box office receipts information, Plaintiff estimates that her contract damages are no less than $5,000,000, but this figure could be substantially adjusted upward pending receipt of the financial information held by Defendants. Plaintiff also alleges claims for non-contractual damages relating to Defendants' violations of California Civil Code § 1708.86 with accompanying damages that could conceivably range in the multiple millions of dollars. Accordingly, a conservative estimate of the general and special damages sustained in this matter are at least $8,000,000. This figure does not include a punitive damage component, which could significantly increase the damage figure.

**Defendants' Position**

Defendants deny that Plaintiff is entitled to the relief sought, and deny that Plaintiff is entitled to any damages, fees, penalties, expenses, or costs.

**F.    INSURANCE**

**Plaintiff's Position**

Defendant Dark Age Cinema, LLC possesses a commercial general liability policy through Empire Fire and Marine Insurance Company that covers the relevant time period at issue in this action. The policy has limits of $1,000,000 per occurrence, with a $1,000,000 general aggregate, and a limit of $1,00,000 in personal and advertising coverage. Tender was made under this policy in connection with this action and the insurer's determination of coverage remains pending.

**Defendants' Position**

Defendant Dark Age Cinema, LLC has tendered this claim to potential insurers and one insurer has agreed to provide a defense, subject to a reservation of rights. Issues relating to the scope of coverage remain unresolved.

//

//

//


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

40189-00002/949908.1                                         8

## G.    MOTIONS

### Plaintiff's Position

At present, Plaintiff will be filing an amended pleading to address the matters detailed in the Court's July 3, 2026 Order on Defendants' Rule 12(b)(6) Motion. Ms. Corcoran intends to take discovery concerning Defendants' unauthorized distribution of images taken of her while nude without her consent and may amend her pleading to assert additional claims in this regard pending receipt of such discovery, including without limitation claims for violation of Civil Code § 1708.85 and invasion of privacy. This is without reservation of Plaintiff's rights to file an amended pleading in response to any order of the Court in connection with any future Rule 12(b)(6) motion that may be filed by Defendants or should further discovery warrant any further amendment to the pleadings.

### Defendants' Position

Depending on what is alleged in Plaintiff's amended pleading, Defendants may file a renewed motion to dismiss on grounds similar to those previously argued. Defendants may also file a motion to bifurcate proceedings.  Plaintiff signed a Merchandising Agreement that contains a jury waiver and the threshold issue in the case will be the interpretation of the relevant contracts to determine whether Plaintiff is entitled to any compensation from the two sequels, *Terrifier 2* and *Terrifier 3* (which Plaintiff did not appear in).  Defendants may seek to bifurcate proceedings to have the contract interpretation issue resolved as a preliminary matter.  If Defendants file such a motion, Defendants will propose a modified bifurcated scheduling order.

## H.    DISPOSITIVE MOTIONS

### Plaintiff's Position

At present, Plaintiff is not aware of issues or claims that are appropriately resolved through motion for summary judgment, partial summary judgment or motion in limine, but reserves the right to bring such motions should facts or circumstances develop that would warrant such motions.

**Defendants' Position**

Defendants anticipate filing a renewed Motion to Dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6). Defendants also anticipate filing a motion for summary judgment.

### I. MANUAL FOR COMPLEX LITIGATION

This case is not complex and the parties do not believe that all or any part of the procedures of the Manual for Complex Litigation should be utilized in this case.

### J. STATUS OF DISCOVERY

**Plaintiff's Position**

The Parties have exchanged their Initial Disclosures. Further, on March 12, 2026, Plaintiff served Requests for Production on Defendants Dark Age Cinema, Art the Clown and Fuzz on the Lens. Pursuant to the Court's earlier orders, that discovery was stayed pending the Court's ruling on Defendants' Rule 12(b)(6) Motion. Following the Court's July 3, 2026 Order, counsel for Plaintiff has met and conferred with counsel for Defendants and have agreed that Defendants' responses to this pending discovery will be due on or before September 2, 2026. Plaintiff will be serving additional written discovery in the next several weeks following submission of this Joint Report.

**Defendants' Position**

The Parties previously exchanged initial disclosures, and Plaintiff served initial sets of written discovery, the responses to which were stayed pending the ruling on Defendants' motion to dismiss. The written discovery previously served by Plaintiff includes requests that that relate exclusively to claims that were previously dismissed by the Court. Plaintiff has indicated that she intends to amend the complaint to reassert these claims, and Defendants anticipate that they will likely file a motion to dismiss as Defendants do not believe that the defects previously identified by the Court can be cured. Defendants submit that discovery related to the claims the Court previously dismissed is premature until the pleadings are resolved. Delaying discovery on these

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP  ATTORNEYS AT LAW

claims until pleading challenges are resolved will preserve the Parties' resources and further judicial economy. If the Parties begin discovery on these previously-dismissed claims before the pleadings are settled, they risk expending considerable time and expense needlessly engaging in discovery, and potentially litigating discovery disputes for claims that are barred as a matter of law. Ninth Circuit and Supreme Court authority supports this position. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 686 (2009) ("Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. … Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); W*hitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. Jan. 25, 2021) (same; "[P]leadings must assert well-pleaded factual allegations to advance to discovery."); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("The Supreme Court has stated [] that plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it."); *Great Pac. Sec. v. Barclays Cap., Inc.*, 743 App'x 780, 783 (9th Cir. 2018) (affirming order denying discovery after plaintiff filed SAC, as "Plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it.") (quoting *Mujica*, 771 F.3d at 593); *Gerritsen v. Warner Bros. Entm't Inc.*, 2015 WL 4570081, at *2 (C.D. Cal. Mar. 2, 2015) ("Under controlling Ninth Circuit precedent, the court lacks discretion to permit Gerritsen to begin discovery until defendants answer or it has determined that she has stated plausible claims for relief by denying a Rule 12(b)(6) motion.") (*citing Mujica*, 771 F.3d 580)). For this reason, discovery on the previously-dismissed claims should not begin until the Court rules on any future motions to dismiss and the pleadings are set.

//
//
//
//
//



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

40189-00002/949908.1

11

## K.   DISCOVERY PLAN

The Parties submit the following proposed discovery plan pursuant to Fed. R. Civ. P. 26(f):

**Written Discovery:** The parties do not presently seek any changes to the Federal Rules of Civil Procedure or Local Rules concerning written discovery.

**Depositions:**

Plaintiff anticipates deposing the following specific individuals Damien Leone, Phil Falcone, Lisa Falcone. Plaintiff also anticipates deposing the person most knowledgeable for Defendants Dark Age Cinema, Art the Clown and Fuzz on the Lens with respect to numerous topics, including without limitation any "behind the scenes" images taken during filming of the *Terrifier* feature film, any SAG inquiries or enforcement actions taken against Dark Age Cinema, and/or the NDA, revenue sharing and royalty agreements with other individuals involved in the Terrifier films, and the accounting relating to the Terrifier franchise.

Defendants anticipate taking the depositions of Plaintiff, Plaintiff's agents, managers, and other professional representatives involved in negotiating Plaintiff's role in *Terrifier*, along with other case and crew involved in shooting *Terrifier* and the hacksaw scene (if Plaintiff's revenge porn claims remain in the case).

**Subjects on Which Discovery is Needed:** Without limitation of her rights to seek discovery on any relevant issue, Plaintiff anticipates that she will require discovery into, among other things, any "behind the scenes" images taken during filming of the *Terrifier* feature film and any distribution or dissemination of the same, any SAG inquiries and/or enforcement actions taken against Dark Age Cinema, the NDA, revenue sharing and royalty agreements with other individuals involved in the Terrifier films, and the accounting relating to the Terrifier franchise.

Defendants anticipate they will require discovery into (1) Plaintiff's consent to filming and distributing the hacksaw scene and Plaintiff's expectation that the hacksaw scene would be private; (2) the circumstances around Plaintiff's auditioning

for and accepting her role in *Terrifier*, including the negotiation of her agreement and her advance notice of and agreement to the nudity in the hacksaw scene (if Plaintiff's revenge porn and related claims remain in the case); (3) Plaintiff's understanding of her performer contract for *Terrifier*; (4) Plaintiff's understanding the Merchandising Agreement; and (5) Plaintiff's understanding of the royalty payments she was entitled to and did receive from Defendants related to *Terrifier*.

**Electronically Stored Information:** The Parties agree on electronic document production and to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. The Parties will meet and confer regarding the scope and logistics of document production. The Parties agree that this paragraph is not intended to alter the scope of discovery in this case.

**Claims of Privilege or Protection:** The Parties will meet and confer on a proposed stipulated protective order governing confidential and/or proprietary materials that will also address the inadvertent production of privileged or otherwise protected materials.

**Modification of Discovery Rules:** The Parties do not currently propose any modifications to the discovery procedures provided for in the Federal Rules of Civil Procedure. Depending on what (if any) claims survive the Motion to Dismiss, Defendants reserve the right to file a motion to bifurcate proceedings and to phase discovery in this matter.

**Fact and Expert Discovery Cut-Off**

The Parties propose the fact and expert discovery cut-off dates in Exhibit 1.

**L.    DISCOVERY CUT-OFF**

The parties' proposed discovery cut-off dates are set forth in Exhibit 1.

**M.    EXPERT DISCOVERY**

The parties' proposed expert discovery cut-off dates are set forth in Exhibit 1.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

## N. SETTLEMENT EFFORTS AND ADR

The parties have not engaged in any settlement discussions to date regarding this matter. The parties select ADR Procedure No. 3 [private mediation].

## O. TRIAL ESTIMATE

This case will be a jury trial. Plaintiff estimates that this case will require four (4) days of court time to fully try (including jury selection). Defendants estimate that this case will require five (5) days of court time to fully try (including jury selection). At present, Plaintiff anticipates calling at least eight witnesses (including plaintiff herself, defendants Falcone and Leone and retained expert witnesses). Defendants anticipate calling 6-8 witnesses. If the previously-dismissed claims are removed from the case, Defendants expect that trial time will be shorter (4 days) and that only 4-5 witnesses will be called.

## P. TRIAL COUNSEL

| **Trial Counsel for Plaintiff:** | **Trial Counsel for Defendants:** |
| --- | --- |
| Devin A. McRae | Katherine T. Kleindienst |
| Peter D. Scott | Patricia A. Millett |
| Early Sullivan Wright Gizer & McRae LLP | Kinsella Holley Iser Kump Steinsapir LLP |
| 6420 Wilshire Blvd., 17th Fl. | 11766 Wilshire Blvd., Suite 750 |
| Los Angeles, CA 90048 | Los Angeles, CA 90025 |

## Q. INDEPENDENT EXPERT OR MASTER

The parties do not believe that there are any issues in this case that warrant appointing an independent expert or master. However, pending receipt of the financial information from Defendants concerning the revenues and profits generated from the Terrifier franchise, Plaintiff reserves her right to revisit this issue and petition the Court for such appointment in connection with the computation of Plaintiff's contract related damages.

## R. SCHEDULE WORKSHEET

The Parties' completed Schedule Worksheet is included herewith as Exhibit 1.

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

## S.    OTHER ISSUES

The parties are not presently aware of any issues that will make this case unusual, challenging or difficult. Plaintiff does not believe that this case warrants any severance, bifurcation or ordering of proof and that all claims and issues in this case can and should be tried together.  As discussed previously, depending on what claims survive challenges to the pleadings, Defendants reserve the right to file a motion to bifurcate proceedings and to phase discovery in this matter.

Dated:  August 3, 2026          EARLY SULLIVAN WRIGHT
                                  GIZER & McRAE LLP


By:  _____
     Devin A. McRae
     Peter Scott
     Attorneys for Plaintiff
     CATHERINE CORCORAN


Dated:  August 3, 2026          KINSELLA HOLLEY ISER KUMP
                                  STEINSAPIR LLP


By:    /s/ Patricia A. Millett
     _____
     Katherine T. Kleindienst
     Patricia A. Millett
     Attorneys for Defendants
     DARK AGE CINEMA, LLC; ART THE
     CLOWN, LLC; FUZZ ON THE LENS
     PRODUCTIONS, LLC; PHIL FALCONE;
     DAMIEN LEONE

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

40189-00002/949908.1                          15